IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,211-04






EX PARTE ROGELIO PORRAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20080D05650-409-1 IN THE 409th DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to fifteen years' imprisonment. The Eighth Court of Appeals dismissed his
appeal because this was a plea bargained case and the Applicant had no right to appeal. Porras v.
State, No. 08-09-00163-CR (Tex. App.-El Paso, delivered August 12, 2009, no pet.).

 Applicant contends that his plea was involuntary because the plea agreement was broken in
this case. Specifically, Applicant contends that his plea agreement was for three years'
imprisonment, but he was then sentenced to 15 years' imprisonment in violation of that agreement.
The trial court has not entered findings of fact and conclusions of law and the habeas record is
insufficient at this time to properly address Applicant's claim. The habeas record includes the
following:

 A. A written plea agreement for three years' imprisonment that appears to be signed off on
by the trial court;


 B. A trial court's certification of defendant's right to appeal that states this case "is a plea-bargain case, and the Defendant has NO right of appeal.";


 C. A judgment which states there was no plea agreement and this case involved an open plea
to the trial court.


The record does not contain any docket sheets that might explain why there is a discrepancy between
these documents. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: April 10, 2013

Do not publish